IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN WILLIAMS, | * | CIVIL ACTION-LAW |
| | * | |
| Plaintiff, | * | Case No.: |
| | * | |
| v. | * | |
| | * | |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, QUEHANNA BOOT CAMP, STEVE GODFREY, SIP PROGRAM ADMINISTRATOR TERRI SOMERS, DEBORAH CUTSHALL, HEARING EXAMINER NUNEZ, CORRECT CARE SOLUTIONS, LLC | * * * * * * * | ELECTRONICALLY FILED |
| | * | JURY TRIAL DEMANDED |
| Defendants. | * | Counsel for Plaintiff Louis J. Kroeck IV, ESQ Attorney ID #210045 Lou@Ljk-law.com |

AND NOW COMES, Plaintiff, John Williams, by and through the undersigned counsel and brings the following civil complaint and avers as follows:

1. This case is brought pursuant to section 1983 of the Civil Rights Act § 42 U.S.C. 1983 for violations of the Plaintiff's rights under the Eighth Amendment United States Constitution and pursuant to § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131. Specifically, Plaintiff alleges that the Defendants' policies and actions relating to Plaintiff's serious medical condition rose to the level of deliberate indifference in violation of the Eighth Amendment's prohibition against cruel and unusual punishment and violated the Due Process Clause of Fourteenth Amendment of the United States Constitution.

**JURISDICTION AND VENUE**

2.   This Court has jurisdiction under 28 U.S.C. 1331 over the constitutional claims contained in this Complaint as well as the claims arising under 42 U.S.C. 1983 and 42 U.S.C. § 12131.

3.   Venue is proper as Plaintiff resides in the Western District and the Defendants all have offices and/or agents within the Western District.

*Parties*

4.   The Pennsylvania Department of Corrections was charged with the custody and care of Plaintiff and is responsible for the appointment, employment and oversight of facility staff and facility operations generally. The Department of Corrections has administrative offices located at 1920 Technology Parkway, Mechanicsburg, PA 17050.

5.   Quehanna Boot Camp is a facility run by the Pennsylvania Department of Corrections located at 4395 Quehanna Highway, Karthaus, PA 16845. Plaintiff was an inmate at Quehanna Boot Camp at the times stated herein.

6.   Defendant Steve Godfrey was at all times relevant the a drug and alcohol supervisor at Quehanna Boot Camp charged with the custody and care of Plaintiff and is responsible for the oversight of facility staff and facility operations generally. At all times relevant hereto, Supervisor Godfrey acted under the color of State law. He is sued in his individual as well as his official capacity for the acts and omissions described herein.

7.   Terri Somers is the SIP program administrator charged with the custody and care of Plaintiff and is responsible for the oversight of facility staff and facility operations generally. At all times relevant hereto, Administrator Somers acted under the color of State law. She is sued

in her individual as well as her official capacity for the acts and omissions described herein.

8. Defendant Deborah Cutshall was at all times relevant employed by Quehanna Boot Camp and was responsible for the medical care of Plaintiff as well as his enrollment in the SIP program. Defendant Cutshall is responsible for the medical care of all inmates and general facility operations and acted under the color of State law. She is hereby sued in her individual as well as her official capacity.

9. Hearing Examiner Nunez was at all times relevant an employee of the Department of Corrections and was responsible for providing Plaintiff with due process of law and a reasonable hearing. He is sued in his individual capacity as well as his official capacity.

10. Correct Care Solutions, LLC is responsible for the medical care and well being of inmates at Quehanna Boot Camp. Correct Care Solutions, LLC is responsible for the supervision, behavior and discipline of their employees at Quehanna Boot Camp and acted under color of State Law.

**FACTS**

11. Plaintiff was previously incarcerated at the Allegheny County Jail in January of 2016, he was then transferred to a number of different state facilities including Western Penn, Camp Hill, Quehanna Boot Camp two separate times, two different Renewal Inpatient Care centers, Riverside Community Correction Center, Penn Pavilion, Community Correction Center Sharon, SCI Greene and SCI Houtzdale.  Plaintiff was released from incarceration in July of 2018.

12. Plaintiff was enrolled in the State Intermediate Punishment program known as SIP. The

program is intended to rehabilitate non-violent individuals such as Plaintiff who are in need of assistance with drug and alcohol rehabilitation.

13. Plaintiff previously had a gastric bypass surgery and as a result of that surgery plaintiff had a serious medical condition requiring medical accommodation. Plaintiff also had other medical issues while incarcerated including high blood pressure, gout, knee and back issues, allergies and scabies.

14. Plaintiff is an individual with a disability within the meaning of the Rehabilitation Act of 1973 and the Americans with Disabilities Act.

15. At all times relevant herein the Defendants were aware of Plaintiff's disability.

16. Plaintiff provided the Defendants with a copy of doctors notes stating that he required extra time to finish meals and that he had certain dietary restrictions as a result of his disability.

17. Plaintiff's condition required that he eat several small meals throughout the day which meant that Plaintiff relied heavily on supplementing his nutrition with items from commissary.

18. Towards the end of Plaintiff's sentence through the SIP program he was sent back to Quehanna Boot Camp despite notifying state officials that Quehanna was not an appropriate facility for someone with Plaintiff's medical condition.

19. Quehanna Boot Camp has a strict dining policy that requires inmates to eat their meals within an extremely short time period.

20. Plaintiff was not provided with commissary access during his incarceration at Quehanna Boot Camp.

21. Plaintiff was unable to eat within the time period provided at Quehanna and he was not

able to supplement his diet with items from comissary.

22. Nurse Smith, who was aware of Plaintiff's condition stated to him upon admission to Quehanna, "you should not be here."

23. As a result of his inability to obtain proper nutrition at Quehanna, plaintiff filed numerous complaints, grievances and medical requests.

24. He made daily requests for medical attention as he was in extreme agony from lack of nutrition.

25. As a retaliatory measure for his requests Plaintiff was expelled from Quehanna and subsequently expelled from the SIP program at the hands of Hearing Examiner Nunez and the other named Defendants.

26. The Defendants failed to enact and/or follow proper procedures in expelling Plaintiff from the SIP program.

27. Further, Plaintiff was denied representation during his expulsion from the SIP program as well as due process.

28. Plaintiff was just weeks away from completion of the SIP program and release from incarceration when he was expelled from Quehanna.

29. As a result of his retaliatory expulsion from the program Plaintiff was re-sentenced and incarcerated at SCI Houtzdale.

30. At SCI Houtzdale Plaintiff was subjected to traumatizing conditions that violated the spirit of the Prison Rape Elimination Act codified at 42 USC 147.

31. Plaintiff spent nearly an additional year in incarceration due to the failure of Quehanna to accommodate his condition and the failure of the Defendants to place him in a proper treatment program.

32. Among the primary purposes of the Americans with Disabilities Act is to provide individuals with reasonable medical accommodation and access to early release programs such as SIP and other prison programs.

33. The defendants systematically, knowingly, and intentionally discriminated against Plaintiff and others like him by failing to provide him with reasonable medical accommodation for his disability.

34. Correct Care Solutions and other individuals at Quehanna Boot Camp intentionally denied Plaintiff reasonable medical accommodation and acted with deliberate indifference towards his well being.

35. The actions described above discriminated against Plaintiff on the basis of his disability and also exposed him to unreasonable exposure to harms such as failing to treat him for scabies and failing to provide him with dental care while incarcerated.

36. Plaintiff was harmed by the Defendants discrimination and failure to make its services, programs, and activities available to him on nondiscriminatory terms and by failing to enact policies and procedures to accommodate Plaintiff.

37. Despite numerous requests to representatives of Correct Care Solutions and others at Quehanna, Plaintiff was repeatedly denied medical treatment accommodation and access to state programs.

38. Defendants knew that denying such accommodation would unreasonably expose Plaintiff to potential danger and could cause Plaintiff serious physical harm.

39. Defendant Correct Care Solutions also ignored Plaintiff's medical grievances and requests and failed to ensure that proper medical care and accommodation was provided by their agents and/or failed to insure that proper procedures and policies were enacted or

enforced.

40. As a result of the above conditions and treatment and as a direct and proximate result of the behavior of the Defendants, Plaintiff has suffered the following injuries:

    a. Plaintiff endured great pain and suffering and was rendered severely malnourished, physically ill and emotionally distressed.

    b. Plaintiff suffered emotional injury, PTSD and psychological trauma for which he currently receives treatment.

    c. Plaintiff was forced to spend nearly an entire year incarcerated beyond what was required through the SIP program and as a result he missed his mother's funeral and sustained lost earnings and a loss in earning capacity.

    d. His general strength and vitality have been impaired.

    e. He has been and may in the future be unable to enjoy the various pleasures of life.

    f. He has been required and may continue in the future to treat with various medical providers, physicians and mental health specialists.

### COUNT I – Deliberate Indifference to Medical Needs

41. Plaintiff hereby incorporates the above paragraphs as if fully set forth herein.

42. At all times relevant herein the Defendants were responsible for the medical care of inmates in their custody such as Plaintiff.

43. Defendants have acted with deliberate indifference to Plaintiff's health and safety by denying him access to medical treatment and basic nutrition and by failing to adopt proper policies and procedures thereby creating a substantial risk of serious harm or injury and also subjecting Plaintiff to the specific harms enumerated above.

44. Further, Defendants failed to keep adequate medical records and failed to ensure that individuals such as Plaintiff were provided with adequate medical care.

45. Defendants have further acted with deliberate indifference by subjecting Plaintiff to the retaliatory measures described above that were inflicted upon him due to his disability and his requests for treatment.

46. As a direct, proximate and factual result of the conduct of the Defendants, Plaintiff suffered the harms enumerated above.

### COUNT II - - Violations of Section 504 of the Rehabilitation Act of 1973

47. Plaintiff hereby incorporates the above paragraphs as if fully set forth herein.

48. Section 504 of the Rehabilitation Act of 1973 prohibits discrimination on the basis of disability by recipients of federal financial assistance such as the Defendants.

49. Plaintiff is an individual with a disability within the meaning of the Act.

50. Defendants discriminated against Plaintiff on the basis of disability in violation of 29 U.S.C. § 794 and by implementing policies and procedures as more fully described above.

51. Such discrimination includes but is not limited to failure to provide access to aid and services.

52. Plaintiff was qualified to participate in the services, programs, activities, and receive benefits provided to prisoners at the State's detention facilities within the meaning of the Rehabilitation Act of 1973.33.

53. The Defendants denied Plaintiff access to programs, benefits, and services provided to other inmates at State detention facilities solely on the basis of his disability, thereby violating the Rehabilitation Act of 1973.

54. Despite the clear provisions of the Rehabilitation Act of 1973, their knowledge of the

deficiencies of their policies and practices, their knowledge of Plaintiff's need for accommodation, the Defendants persisted in imposing conditions and practices that discriminated against Plaintiff and other similarly situated persons.

55. As a direct and proximate result of the acts, omissions, and violations of the Defendants, Plaintiff has suffered the damages and injuries enumerated above, including but not limited to pain and suffering, inconvenience, emotional distress, and impairment of quality of life.

### COUNT III - Violation of the Americans with Disabilities Act

56. Plaintiff hereby incorporates the above paragraphs as if fully set forth herein.

57. Title II of the ADA prohibits discrimination on the basis of disability by public entities such as the Defendants.

58. Plaintiff is an individual with a disability within the meaning of the ADA.

59. Defendants discriminated against Plaintiff on the basis of disability in violation of the ADA and by implementing policies and procedures as more fully described above.

60. Such discrimination includes but is not limited to failure to provide access to aid and services.

61. Plaintiff was qualified to participate in the services, programs, activities, and receive benefits provided to prisoners at the State's detention facilities within the meaning of the ADA.

62. The Defendants denied Plaintiff access to programs, benefits, and services provided to other inmates at State detention facilities solely on the basis of his disability, thereby violating the ADA.

63. Despite the clear provisions of the ADA, their knowledge of the deficiencies of their policies and practices, their knowledge of Plaintiff's need for accommodation, the Defendants persisted in imposing conditions and practices that discriminated against Plaintiff and other

similarly situated persons.

64. As a direct and proximate result of the acts, omissions, and violations of the Defendants, Plaintiff has suffered the damages and injuries enumerated above, including but not limited to pain and suffering, inconvenience, emotional distress, and impairment of quality of life.

**COUNT IV  - Violation of Due Process  Fourteenth Amendment United States Constitution**

65. Plaintiff hereby incorporates the above paragraphs as if fully set forth herein.

66. The Defendants including Hearing Examiner Nunez violated Plaintiff's constitutional rights by failing to provide Plaintiff with an adequate process for expulsion from the SIP program and/or by failing to enact policies or procedures for the provision of such a process.

67. In particular, the Defendants violated Plaintiff's right to due process in the following manner:

   a. Failing to give Plaintiff the opportunity to meet with or be represented by counsel;

   b. Failing to allow Plaintiff to question his accusers;

   c. Failing to give Plaintiff proper time and resources to assess the charges levied against him.

   d. Failing to give Plaintiff notice of how the process worked;

   e. Failing to give Plaintiff a right to appeal the outcome of the process;

   f. Failing to enact procedural safeguards.

68. The Defendants actions constitute a pattern or practice of failing to provide individuals such as Plaintiff with due process under the United States Constitution.

69. The policies, practices and procedures of the Defendants in expelling individuals such as Plaintiff from the SIP program and forcing them into incarceration are void for vagueness.

70. The policies, practices and procedures of the Defendants in expelling individuals such as Plaintiff from the SIP program fail to provide adequate notice of the severe penalties at stake

and are procedurally deficient.

71. Further, the Defendants failed to even follow their own procedures for misconducts/ rule violations despite the deficiencies in those procedures.

72. As a direct and proximate result of the acts, omissions, and violations of the Defendants, Plaintiff has suffered the damages and injuries enumerated above, including but not limited to pain and suffering, inconvenience, emotional distress, and impairment of quality of life.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, prays for:

Declaratory judgment that Defendants violated Mr. Williams' constitutional, civil and statutory rights;

An award of appropriate compensatory and punitive damages against each Defendant in favor of Mr. Williams;

Awards of attorney's fees, costs, and litigation expenses associated with the prosecution of this action;

For such other and further relief as the Court may deem proper.

Respectfully submitted,

s/Louis J. Kroeck
Attorney for Plaintiff

<u>CERTIFICATE OF SERVICE</u>

The undersigned does hereby certify that a copy of the within COMPLAINT was filed through the ecf Electronic Case Filing System on this 20th day of June 2019.

Respectfully submitted,

s/Louis J. Kroeck