IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

JOHN WILLIAMS,

    Plaintiff,

vs.

PENNSYLVANIA DEPARTMENT OF CORRECTIONS, QUEHANNA BOOT CAMP, STEVE GODFREY, SIP PROGRAM ADMINISTRATOR TERRI SOMERS, DEBORAH CUTSHALL, HEARING EXAMINER NUNEZ, CORRECT CARE SOLUTIONS, LLC,

    Defendants.

*FILED ELECTRONICALLY*

CIV. ACTION NO. 3:19-CV-00101

## BRIEF IN SUPPORT OF
## PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Now come Defendants, Correct Care Solutions, LLC and Deborah Cutshall, and hereby submit the following Brief in Support of their Partial Motion to Dismiss Plaintiff's Complaint.

### I. STATEMENT OF THE CASE

Plaintiff, John Williams, was an inmate within the Pennsylvania Department of Corrections and was incarcerated in several institutions since January 2016. Mr. Williams asserts that while incarcerated he was enrolled in the State Intermediate Punishment program known as SIP intended to rehabilitate non-violent offenders

1

with drug and alcohol problems while incarcerated. Upon information and belief, Mr. Williams is no longer incarcerated at this time.

Plaintiff initiated this action by filing a Complaint on or around June 25, 2019. (ECF No. 1). Mr. Williams' Complaint alleges claims including Deliberate Indifference to Serious Medical Needs (ECF No. 1, Count I), Violations of §504 of the Rehabilitation Act (ECF No. 1, Count II), Violation of the Americans with Disabilities Act (ECF No. 1, Count III), and a Violation of Due Process under the Fourteenth Amendment (ECF No. 1, Count IV). Mr. Williams alleges that due to various health conditions and a prior gastric bypass surgery, he required dietary restrictions, extra time to finish meals and required medical accommodations. (ECF No. 1 ¶¶13, 16). Mr. Williams was transferred to Quehanna Boot Camp where he alleges staff did not provide him the medical accommodations that he required. (ECF No. 1 ¶ 20, 21). More specifically, the claims of the Complaint consist of the following:

- **Count I – Eighth Amendment** "deliberate indifference" – Plaintiff states that Defendants denied him access to medical treatment and basic nutrition

- **Count II – Rehabilitation Act of 1973** – Plaintiff contends Defendants discriminated against him on the basis of disability by denying him access to programs, benefits and services.

- **Count III – Americans with Disabilities Act –** Plaintiff contends defendants discriminated against him on the basis of disability by denying him access to services, programs, and activities.

- **Count IV – Fourteenth Amendment Due Process (Procedural)** – Plaintiff contends Defendants violated his due process rights in the process through which he was expelled from the SIP program.

Defendants Correct Care Solutions (CCS) and Deborah Cutshall now move to partially dismiss Plaintiff's Complaint on the grounds that Plaintiff's Complaint contains claims for violations of the Americans with Disabilities Act and Rehabilitation Act which do not present viable causes of action against Moving Defendants as a matter of law.  Additionally, Plaintiff's Fourteenth Amendment due process claim, while probably not intended to be directed against moving Defendants, fails to state a claim against them as a matter of law.

## II.   ARGUMENT

### A.   PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM AS A MATTER OF LAW AGAINST MS. CUTSHALL OR CORRECT CARE SOLUTIONS UNDER EITHER TITLE II OF THE ADA OR §504 OF THE REHABILITATION ACT.

Defendants address Counts II and III together, as the legal basis is the same and Courts usually consider such claims together.[1]  Defendants move to dismiss these counts because the law does not provide a cognizable cause of action against Deborah Cutshall or CCS for violation of either statute.

---

[1] "Although the language of the ADA and Rehabilitation Act differs, the standards for determining liability under the two statutes are identical." McDonald v. Pennsylvania, 62 F.3d 92, 94 (3d Cir. 1995) ("Whether suit is filed under the Rehabilitation Act or under the Disabilities Act, the substantive standards for determining liability are the same.")  Bowers v. NCAA, 475 F.3d 524, 535 n.12 (3d Cir. 2007)

3

Title II of the ADA provides, in pertinent part:

[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. §12132; Doe v. County of Centre, 242 F.3d 437, 446 (3d Cir. 2001); Spencer v. Courtier, 552 Fed. Appx. 121, 125 (3d Cir. 2014); Brown v. Deparlos, 492 Fed. Appx. 211, 215 (3d Cir. 2012). "Similarly, §504 of the Rehabilitation Act, 29 U.S.C. §794, prohibits discrimination on the basis of disability by programs that receive federal funds." P.P. v. W. Chester Area Sch. Dist., 585 F.3d 727, 730 (3d Cir. 2009).[2]

However, the class of defendants against whom a claim may be brought for a violation of either Title II of the ADA or §504 of the RA is limited. These statutes apply to "any State or local government," and "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131. Schorr v. Borough of Lemoyne, 2002 U.S. Dist. LEXIS 25668, at *15 (M.D. Pa. 2002); Wesley v. Vaughn, 1999 U.S. Dist. LEXIS 18098, at *12 (E.D. Pa. 1999) (Title II ADA claims available only against public entities). "The Court of Appeals for the Third Circuit has found that there is

---

[2] Defendants briefly note additionally that "a plaintiff asserting a claim for the violation of Section 504 of the Rehabilitation Act must establish that the entity in question receives federal financial assistance." Taylor v. Altoona Area Sch. Dist., 513 F. Supp. 2d 540, 558 (W.D. Pa. 2007) (citing Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002). Neither Ms. Cutshall nor CCS receive federal financial assistance.

generally no individual liability under the ADA." Emerson v. Thiel College, 296 F.3d 184, 189 (3d Cir. 2002) ("individuals are not liable under Titles I and II of the ADA"). "An exception exists when an individual is sued for prospective injunctive relief." Koslow v. Commonwealth of Pennsylvania, 302 F.3d 161, 168 (3d Cir. 2002); Mohney v. Pennsylvania, 809 F. Supp. 2d 384, 392 (W.D. Pa. 2011).[3] Similarly, unless an individual defendant is a direct recipient of federal financial aid, such defendant cannot be liable for claims under the Rehabilitation Act. Haybarger v. Lawrence Cty. Adult Prob. & Parole, 2007 U.S. Dist. LEXIS 18314, at *18 (W.D. Pa. 2007); Finley v. Pa. Dep't of Corr., 2015 WL 1967262, 2015 U.S. Dist. LEXIS 56939, at *19-20 (M.D. Pa. 2015) ("The United States Court of Appeals for the Third Circuit has stated, in general terms, that individual liability is not available under the Rehabilitation Act. . . . Courts within this circuit have held that individuals cannot be held liable under the Rehabilitation Act," *citing* Taylor v. Altoona Area Sch. Dist., 513 F.Supp.2d 540, 556 (W.D. Pa. 2007)).

Neither Ms. Cutshall nor CCS are cognizable defendants for any private cause of action under either Title II of the ADA or §504 of the Rehabilitation Act, and Counts II and III of the Complaint do not lie against them. Defendants accordingly move to dismiss both Counts as against them.

---

[3] Plaintiff's Complaint does not request injunctive relief but compensatory damages.

5

## B. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM FOR VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT AGAINST MS. CUTSHALL OR CCS.

Plaintiff alleges that Defendants violated his rights pursuant to the Fourteenth Amendment Due Process Clause, and the allegations indicate that this is a "procedural" due process claim. His allegations pertain to the procedure leading to his expulsion from the SIP program resulting in a return to more routine incarceration. While the undersigned suspects it was/is not Plaintiff's intention to include the moving Defendants within the ambit of this Count, it refers to "defendants" generally, and out of an abundance of caution, movants therefore include this final subsection.

Mr. Williams has made no factual allegations against CCS or Ms. Cutshall with regard to his expulsion from the SIP program, and the facts which have been alleged would suggest that either moving Defendant was involved or implicated in his claims related to his expulsion from the program. Accordingly, as a matter of law, the Complaint fails to adequately set forth either Defendants' involvement sufficiently to state a claim. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>Zerbe v. Karnes</u>, 2008 U.S. Dist. LEXIS 5551* 13 (M.D. Pa. 2008) (In order to advance a §1983 claim against an individual, an inmate must show, via the Complaint's

allegations, that the Defendant was personally involved in the events of occurrences that underlie a claim).[4]

"To prevail on a procedural due process claim under §1983, a plaintiff must prove: (1) that he was deprived of a protected liberty or property interest; (2) that this deprivation was without due process; (3) that the defendant subjected the plaintiff, or caused the plaintiff to be subjected to, this deprivation without due process; (4) that the Defendant was acting under color of state law; and (5) that the plaintiff suffered injury as a result of the deprivation without due process." Braunstein v. Paws Across Pitsburgh, 2019 WL 1458236, 2019 U.S. Dist. LEXIS 56664, at *13 n.5 (W.D. Pa. 2019), *citing* Rockledge Dev. Co. v. Wright Twp., 767 F.Supp. 2d 499, 502 (M.D.Pa.2011), *and* Sample v. Diecks, 885 F.2d 1099, 1113-14 (3d Cir.1989)

Here, Mr. Williams has failed to articulate the personal involvement of either CCS or Deborah Cutshall. The only Defendant directly named within this cause of action is Hearing Examiner Nunez. This cause of action surrounds Mr. Williams hearing and expulsion from the SIP program. It in no way relates to medical care or implicates either Deborah Cutshall or CCS, who are not ordinarily involved in anything related to such programs. Plaintiff does not identify any

---

[4] Claims under the Fourteenth Amendment, like any other federal constitutional claim, are actionable against defendants such as the moving Defendants by virtue of 42 U.S.C. §1983, and a Fourteenth Amendment procedural due process claim is therefore similar to a claim under another Amendment such as the Eighth Amendment. McCleester v. Mackel, 2008 U.S. Dist. LEXIS 27505, at *2 (W.D. Pa. 2008) ("claims under the Due Process and Equal Protection Clauses of the Fourteenth Amendment . . . are actionable under 42 U.S.C. §1983.")

relevant facts that would establish a claim against either Moving Defendant within this Count. Therefore, as Mr. Williams has failed to articulate sufficient facts to support a Due Process violation of the Fourteenth Amendment against movants, this claim should be dismissed as a matter of law.

### III. CONCLUSION

For the reasons set forth herein, Defendants Correct Care Solutions and Deborah Cutshall respectfully request that this Honorable Court grant the within Partial Motion to Dismiss Plaintiff's Complaint and dismiss them with prejudice as to Counts II, III, and IV.

Respectfully submitted,

WEBER GALLAGHER SIMPSON STAPLETON
FIRES & NEWBY LLP

BY: _____
Samuel H. Foreman, Esquire
sforeman@wglaw.com
PA77096

Devon A. Malloy, Esquire
dmalloy@wglaw.com
PA317771

WEBER GALLAGHER
Four PPG Place • 5th Floor
Pittsburgh, PA 15222
(412) 281-4541

## **CERTIFICATE OF SERVICE**

I, Samuel H. Foreman, Esquire, hereby certify that on this date a true and correct copy of the foregoing **BRIEF IN SUPPORT OF PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT** was sent to all counsel of record *via* CM/ECF notice:

Louis J. Kroeck, IV, Esquire
LJK-Law PLLC,
12th Floor, Park Bldg
355 Fifth Avenue
Pittsburgh, PA  15222

Justine Gayle, Esq.
Office of Attorney General
1251 Waterfront Place
Mezzanine Level
Pittsburgh, PA 15222
*Counsel for Dept. of Corrections Defendants*

Sam Foreman, Esquire

Dated:             September 18, 2019