IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

JOHN WILLIAMS,

    Plaintiff,

    vs.

PENNSYLVANIA DEPARTMENT OF
CORRECTIONS, QUEHANNA BOOT
CAMP, STEVE GODFREY, SIP
PROGRAM ADMINISTRATOR
TERRI SOMERS, DEBORAH
CUTSHALL, HEARING EXAMINER
NUNEZ, CORRECT CARE
SOLUTIONS, LLC,

    Defendants.

*FILED ELECTRONICALLY*

CIV. ACTION NO. 3:19-CV-00101

## ANSWER AND AFFIRMATIVE DEFENSES

Now come Defendants, Correct Care Solutions, LLC, and Deborah Cutshall, and for their Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint, state as follows:

1.    The corresponding paragraph of Plaintiff's Second Amended Complaint is a statement of jurisdiction and prefatorily states the cause of actions asserted.  Defendants do not contest the Court's jurisdiction over this matter.  To the extent the corresponding paragraph requires an answer or response from Defendants, Defendants deny same.

2.      The corresponding paragraph of Plaintiff's Second Amended Complaint states legal conclusions, to which an answer or response is not required. To the extent any answer or response is otherwise required, Defendants deny the allegations of the corresponding paragraph of Plaintiff's Second Amended Complaint.

3.      Defendants admit the allegations of the corresponding paragraph of Plaintiff's Second Amended Complaint.

4.      The corresponding paragraph of Plaintiff's Second Amended Complaint is directed at other parties, and upon information and belief, does not require an answer or response from Defendants.  To the extent an answer or other response may be required, Defendants deny same.

5.      The corresponding paragraph of Plaintiff's Second Amended Complaint is directed at other parties, and upon information and belief, does not require an answer or response from Defendants.  To the extent an answer or other response may be required, Defendants deny same.

6.      The corresponding paragraph of Plaintiff's Second Amended Complaint is directed at other parties, and upon information and belief, does not require an answer or response from Defendants.  To the extent an answer or other response may be required, Defendants deny same.

7.     The corresponding paragraph of Plaintiff's Second Amended Complaint is directed at other parties, and upon information and belief, does not require an answer or response from Defendants.  To the extent an answer or other response may be required, Defendants deny same.

8.     Defendants deny the allegations of the corresponding paragraph of Plaintiff's Second Amended Complaint.

9.     Defendants deny the allegations of the corresponding paragraph of Plaintiff's Second Amended Complaint.

10.     Defendants deny the allegations of the corresponding paragraph of Plaintiff's Second Amended Complaint.

11. to 14.     Defendants are without sufficient information to form a belief as to the truth of the allegations of the corresponding paragraphs of Plaintiff's Second Amended Complaint.

15.     The corresponding paragraph of Plaintiff's Second Amended Complaint states legal conclusions to which an answer or response is not required. To the extent any response may be expected or required, Defendants deny the allegations of the corresponding paragraph of Plaintiff's Second Amended Complaint.

16. to 27.    Defendants are without sufficient information to form a belief as to the truth of the allegations of the corresponding paragraphs of Plaintiff's Second Amended Complaint.

28.    Defendants deny the allegations of the corresponding paragraph of Plaintiff's Second Amended Complaint.

29. to 33.    Defendants are without sufficient information to form a belief as to the truth of the allegations of the corresponding paragraphs of Plaintiff's Second Amended Complaint.

34.    The corresponding paragraph of Plaintiff's Second Amended Complaint states legal conclusions to which an answer or response is not required. To the extent any response may be expected or required, Defendants deny the allegations of the corresponding paragraph of Plaintiff's Second Amended Complaint.

35. to 42.    Defendants deny the allegations of the corresponding paragraphs of Plaintiff's Second Amended Complaint, including all subparts.

**Count I –    Deliberate Indifference (PADOC, Quehanna Boot Camp, Godfrey, Sommers, Cutshall, CCS).**

43.    The corresponding paragraph of Plaintiff's Second Amended Complaint is merely incorporative.  Defendants likewise incorporate, herein, their responses to the incorporated sections denoted, as if fully set forth.

4

44.     The corresponding paragraph of Plaintiff's Second Amended Complaint states legal conclusions to which an answer or response is not required. To the extent any response may be expected or required, Defendants deny the allegations of the corresponding paragraph of Plaintiff's Second Amended Complaint.

45.     Defendants deny the allegations of the corresponding paragraph of Plaintiff's Second Amended Complaint.

46.     Defendants are without sufficient information to form a belief as to the truth of the allegations of the corresponding paragraph of Plaintiff's Second Amended Complaint.

47.     Defendants deny the allegations of the corresponding paragraph of Plaintiff's Second Amended Complaint.

48.     Defendants deny the allegations of the corresponding paragraph of Plaintiff's Second Amended Complaint.

49.     Defendants deny the allegations of the corresponding paragraph of Plaintiff's Second Amended Complaint, including all subparts.

**Count II -   Rehabilitation Act (PADOC and Quehanna Boot Camp)**

50.     The corresponding paragraph of Plaintiff's Second Amended Complaint is merely incorporative.  Defendants likewise incorporate, herein, their responses to the incorporated sections denoted, as if fully set forth.

5

51. to 60.    The corresponding paragraphs of Plaintiff's Second Amended Complaint are directed at other parties, and upon information and belief, do not require an answer or response from Defendants.  To the extent an answer or other response may be required, Defendants deny same.

**Count III -   Americans With Disabilities Act (PADOC and Quehanna Boot Camp)**

61.    The corresponding paragraph of Plaintiff's Second Amended Complaint is merely incorporative.  Defendants likewise incorporate, herein, their responses to the incorporated sections denoted, as if fully set forth.

62. to 71.    The corresponding paragraphs of Plaintiff's Second Amended Complaint are directed at other parties, and upon information and belief, do not require an answer or response from Defendants.  To the extent an answer or other response may be required, Defendants deny same.

**Count IV -  14th Amendment Due Process (PADOC, Quehanna Boot Camp, Godfrey, Sommers, Cutshall, Nunez)**

72.    The corresponding paragraph of Plaintiff's Second Amended Complaint is merely incorporative.  Defendants likewise incorporate, herein, their responses to the incorporated sections denoted, as if fully set forth.

73.    The corresponding paragraph of Plaintiff's Second Amended Complaint states legal conclusions to which an answer or response is not required.

To the extent any response may be expected or required, Defendants deny the allegations of the corresponding paragraph of Plaintiff's Second Amended Complaint.

74. to 81.   Defendants deny the allegations of the corresponding paragraphs of Plaintiff's Second Amended Complaint.

Defendants deny each and every allegation which has not been specifically admitted or otherwise responded to herein.

WHEREFORE, Defendants pray for and demand the entry of Judgment in their favor consistent with the facts and law, and for any and all relief to which they may otherwise be entitled under the law.

### DEFENDANTS DEMAND A TRIAL BY JURY

### FIRST AFFIRMATIVE DEFENSE

To the extent any or all of Plaintiff's claims may violate the applicable statute of limitations, Defendant pleads it as a bar to such claims.

### SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff has failed to fully and properly exhaust available administrative remedies, his claims are barred by the Prisoner Litigation Reform Act, 42 U.S.C. §1997e.

### THIRD AFFIRMATIVE DEFENSE

Defendant is entitled to qualified immunity which bars Plaintiffs suit, in whole or in part.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to plead any type of injury which would entitle him to relief under 42 U.S.C. §1983 and under the Prisoner Litigation Reform Act.

## FIFTH AFFIRMATIVE DEFENSE

Defendant pleads as defenses all limitations on damages imposed by 42 U.S.C. §1997e, including the limitation on recovery for mental or emotional injury and the limitation on attorneys' fees.

## SIXTH AFFIRMATIVE DEFENSE

At no time did Defendants deprive Plaintiff of any right as protected under the United States Constitution, 42 U.S.C.A. §1983 or any other state or federally protected right or privilege.

## SEVENTH AFFIRMATIVE DEFENSE

At no time did this Defendants demonstrate any indifference, deliberate or otherwise, toward any legitimate and/or serious medical need of the Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

At no time did this Defendants fail to provide necessary medical or mental health care or otherwise refuse to treat or intentionally maltreat Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

At all times Plaintiff was provided reasonable and appropriate treatment in accordance with applicable state and federal laws and the United States Constitution and the Constitution of the Commonwealth of Pennsylvania.

## TENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff is attempting to assert state law malpractice claims, Plaintiff has failed to file an acceptable certificate of merit as required under Pennsylvania law and, as such, his claim is barred.

## ELEVENTH AFFIRMATIVE DEFENSE

Any injuries and/or damages actually sustained by Plaintiff, which are herein specifically denied, were caused by him or other persons, entities or events, over which answering Defendant had no control or duty to control.

## TWELFTH AFFIRMATIVE DEFENSE

The treatment afforded by Defendants was, at all material times, in accordance with the applicable standards of medical and/or mental health care.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants pleads all defenses afforded to them pursuant to the MCARE Act at 40 P.S. 1303.101 et seq.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Second Amended Complaint fails to allege and/or set forth a cognizable claim for punitive or special damages against Defendants.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Second Amended Complaint fails to state claims or causes of action for violation of Plaintiff's Fourteenth or Eighth Amendment rights.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendants plead as an affirmative defense all requirements applicable under Pennsylvania's Certificate of Merit rules, Pa.R.C.P. 1042.1 *et seq.*, including but not limited to the binding effect of a Certificate of Merit asserting that expert testimony is not required.  Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 265 (3d Cir. 2011).

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants reserves the right to amend their Answer and Affirmative Defenses and to assert each and every affirmative defense as provided by Rules 8 and 12(b) of the Federal Rules of Civil Procedure or otherwise as the facts of this case are developed after investigation and discovery.

Respectfully submitted,

WEBER GALLAGHER SIMPSON STAPLETON
FIRES & NEWBY LLP

BY: _____
      Samuel H. Foreman, Esquire
      Devon A. Malloy, Esquire

      WEBER GALLAGHER
      Four PPG Place • 5th Floor
      Pittsburgh, PA 15222
      (412) 281-4541

## CERTIFICATE OF SERVICE

I, Samuel H. Foreman, Esquire, hereby certify that on this date a true and correct copy of the foregoing **ANSWER AND AFFIRMATIVE DEFENSES** was sent by CM/ECF Notice only to all counsel of record.


_____/S/ Samuel H. Foreman_____
Samuel H. Foreman, Esquire

Dated: _____02/13/2020__