IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 19-101J |
| | ) | Magistrate Judge Maureen P. Kelly |
| v. | ) | |
| | ) | Re: ECF No. 92 |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS; QUEHANNA BOOT CAMP; STEVE GODFREY; TERRI SOMERS, *SIP Program Administrator*, HEARING EXAMINER NUNEZ; and CORRECT CARE SOLUTIONS, LLC. | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Pending before the Court is the Motion for Reconsideration filed on behalf of Plaintiff John Williams ("Plaintiff"), ECF No. 92. Through his Motion, Plaintiff seeks reconsideration of the Order entered December 3, 2021, ECF No. 89, granting the Motion for Summary Judgment filed on behalf of Defendant Correct Care Solutions, LLC ("Correct Care"). Plaintiff is ably represented by counsel, as he has been throughout this litigation.

Plaintiff asserts that summary judgment is not properly entered because Patrick Nagle ("Nagle"), a Correct Care Physician Assistant, exhibited deliberate indifference to Plaintiff's serious medical needs in violation of his Eighth Amendment rights. ECF No. 92. Plaintiff contends that the evidence demonstrates that Nagle failed to comply with a prior dietary order entered by a medical doctor to provide Plaintiff with supplemental meals, and denied Plaintiff's requests for additional meals despite his documented medical need. Id. However, as set forth in the Opinion resolving the Motion for Summary Judgment, Nagle is not a defendant in this action and Plaintiff presented no evidence upon which liability could be imposed on Correct Care for the conduct of

1

its employees. ECF No. 89 at 21-23.  On reconsideration, Plaintiff does not offer an alternative basis for liability and the docket continues to reflect that Nagle is not a defendant.

> "The purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café, 176 F.3d 669, 677 (1999) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (citation omitted).

Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 251 (3d Cir. 2010); see also, United States v. Kubini, 304 F.R.D. 208, 211 (W.D. Pa. 2015). A motion for reconsideration is not an appropriate mechanism to "attempt to convince the [C]ourt to rethink a decision it has already made." See Williams v. Standard First Ins. Co., 892 F. Supp. 2d 615, 624 (M.D. Pa. 2012) (citation omitted). Nor may it be used to "raise new arguments or present evidence that could have been raised prior to the entry of judgment." See Coulter v. Unknown Prob. Officer, No. 12-cv-2067, 2013 WL 3863938, at *2 (M.D. Pa. July 24, 2013) (citation omitted), aff'd, 562 F. App'x 87 (3d Cir. 2014). Motions for reconsideration are to be granted sparingly. Id.

Because Plaintiff presents no grounds upon which the requested relief may properly be granted, IT IS HEREBY ORDERED that the Motion for Reconsideration is denied.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if Plaintiff wishes to appeal from this Order he must do so within thirty

(30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

So ordered, this 26th day of January 2022.

                                           */s/ Maureen P. Kelly*
                                          MAUREEN P. KELLY
                                          UNITED STATES MAGISTRATE JUDGE

cc:     All counsel of record by Notice of Electronic Filing